UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM ORDER

To:     Counsel of Record

From:   Judge Peter J. Messitte

Re:     Nicole Marceron v. Troy D. Berry *et al*
        Civil No. PJM-20-3613

Date:   April 25, 2024

********

**The Court wishes to revisit the matter of the testimony of Joseph Piazza.**

1. The Court's DENIAL of the Motion to Permit Remote Testimony by him stands.

2. The Court assumes that Defendants, at least, would want to call Piazza live in their case-in-chief. If defense counsel has already issued (or will issue) a subpoena to him or if he has agreed to appear voluntarily for Defendants, that will serve as a Court Order that he also be prepared to appear for Plaintiff. A separate subpoena from Plaintiff's counsel would not be necessary. Defendants will not be permitted to call Piazza unless this condition has been met.

3. That said, the Court would be agreeable to having Piazza appear on one court day only (say on Wednesday, May 8, 2024), at which time he can be called by both Plaintiff and Defendants. Counsel should be able to coordinate with each other and the witness as to the date Piazza would appear.

4. Assuming defense counsel, for some reason, does not wish to call Piazza, Plaintiff's counsel must affirm to the Court right away that they do wish to call Piazza in their case-in-chief. If they do not wish to do so, it is their choice to make. However, if they do wish to call him, they will need to issue a subpoena, assuming the subpoena conforms to the Federal Rule of Procedure, 45(c).

5. Defense counsel has represented that Piazza resides 101 miles ("by the back roads") from the U.S. Courthouse in Greenbelt. Plaintiff's counsel is going to brief why the Court should, notwithstanding, authorize a subpoena in this case.

6. To this end, yesterday the Court directed that Piazza promptly file an affidavit to the effect that he no longer has any contact with the State of Maryland. Specifically, the Court directed that the affidavit should indicate:

1

    a. The frequency with which Piazza has had contact with the State of Maryland in the last ninety (90) days.
    b. But the Court wishes to further require Piazza to indicate whether he has had any employer, temporary or permanent, in the State during that period.
    c. Remote contact with an employer in the State will count as employment within the State; otherwise an employee or contractor could work for a Maryland employer remotely from hundreds or thousands of miles away from the court, frustrating the purpose of the 100-mile limit rule.
    d. This affidavit should be filed by no later than Monday, April 30.
    e. These directives do not mean Plaintiff's counsel should not promptly brief the question of whether the 100-mile rule should not apply.

7. Counsel shall promptly notify the Court (though the court's clerk Christina Longo) as to how they wish to deal with any aspect of Piazza's testimony.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

_____
Peter J. Messitte
United States District Judge

CC:    Court File

2